The document below is hereby signed.

Signed: July 26, 2017



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CRYSTAL L. HEATH, | ) | Case No. 17-00280 |
| | ) | (Chapter 13) |
| Debtors. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE DISMISSAL</u>

On July 6, 2017, the court entered an order (Dkt. No. 43) dismissing this case based upon the debtor's failure to comply with this court's *Order to Show Cause Why the Court Ought Not Dismiss the Case for Failure to Receive Required Pre-Petition Credit Counseling* (Dkt. No. 35) and this court's *Order to Show Cause Why Case Ought Not be Dismissed Based Upon Failure to File a Petition Providing all Required Information* (Dkt. No. 38). On July 10, 2017, the debtor filed the corrected Form 101 Voluntary Petition (Dkt. No. 47) and a valid certificate of credit counseling (Dkt. No. 49). On July 10, 2017, the debtor also filed a motion (Dkt. No. 46) to vacate the dismissal order, noting that she had cured the defects.

However, the debtor has engaged in unreasonable delay that

is prejudicial to creditors, and the case will remain dismissed. The debtor commenced her case on May 12, 2017, and the clerk set the meeting of creditors for June 19, 2017, and set a confirmation hearing for July 21, 2017.  The debtor unreasonably failed to keep the case on track.

First, by a notice of May 15, 2017, the Clerk alerted the debtor that the petition and the certificate of credit counseling that the debtor had filed were defective, gave the debtor until May 22, 2017, to cure the defects, and stated that the case would be dismissed if the defects were not cured.  When the defects were not cured, this led to this court's *Order to Show Cause Why the Court Ought Not Dismiss this Case for Failure to Receive Required Pre-Petition Credit Counseling* (Dkt. No. 35) entered on June 22, 2017, and setting a deadline of June 29, 2017, to show that proper credit counseling *was* received, and this court's *Order to Show Cause Why Case Ought Not be Dismissed Based Upon Failure to File a Petition Providing all Required Information* (Dkt. No. 38) giving the debtor until June 30, 2017, to file a petition in proper form.  When the debtor failed to file anything in response to those two orders, the court entered the order of dismissal on July 6, 2017, a total of 52 days after the Clerk first alerted the debtor to the defects.  Not until July 10, 2017 (56 days after the clerk alerted the debtor to the defects) did the debtor finally cure the defects, too late to avoid the

dismissal of the case. That is unreasonable delay that is prejudicial to creditors because any vacating of the dismissal order would lead to a new meeting of creditors date and a new confirmation hearing date weeks away.

Second, the debtor failed timely to file a plan. Under Federal Rule of Bankruptcy Procedure 3015(b), the debtor was required to file a plan within 14 days after the commencement of the case (that is, by May 26, 2014) "and such time may not be further extended except for cause shown and on notice as the court may direct." On May 30, 2017, the Clerk issued an order directing the debtor to file a plan by June 14, 2017, and warning the debtor (in bold letters) that failure to file the missing documents by that date "may result in dismissal of this case." The debtor failed to file a plan, and on June 19, 2017, the trustee did not hold a § 341 meeting because no plan had been filed. On June 19, 2017, the debtor filed a motion to extend to July 7, 2017, the time to file a plan, but the court denied that motion by an order of June 22, 2017, stating:

> For more than a month, the debtor has not filed a plan . . . . This is prejudicial to creditors and to the sound administration of the case:
> - No plan payments have been made.
> - At the meeting of creditors on June 19, 2017, there was no plan on file as to which the trustee and creditors could examine the debtor.
> - The confirmation hearing of July 21, 2017, cannot go forward if the debtor has not transmitted a plan to creditors by June 22, 2017 (because the deadline for objecting to a plan filed by June 23, 2017, or later would expire on the date of the

confirmation hearing or later).

Still, the debtor failed to file a plan.  Fourteen days later, on July 6, 2017, the court entered the order dismissing the case based on failure to cure the defects regarding the petition and credit counseling.  Not until July 10, 2017 (59 days after the case began, 41 days after the clerk issued the order of May 30, 2017, directing the debtor to file a plan, and 22 days after the scheduled date of the meeting of creditors), did the debtor finally file a plan.  That is unreasonable delay that is prejudicial to creditors.

The debtor twice disregarded time deadlines for filing a plan: first, she failed to comply with the May 26, 2017 deadline under Rule 3015(b); and, second, she failed to comply with the order to file a plan by June 14, 2017 (and she did not even file a plan before the meeting of creditors on June 19, 2017).  Waiting until July 10, 2017, to file a plan was plainly unreasonable delay that has been prejudicial to creditors.

It is thus

ORDERED that the debtor's motion (Dkt. No. 46) to vacate the dismissal order is DENIED.

[Signed and dated above.]

Copies to: All entities on the BNC mailing list.